*938 BARNES, Judge,
concurring in part and dissenting in part with separate opinion.
Although I agree with the majority’s conclusion that the trial court did not abuse its discretion in denying Sistrunk’s request for expert witness funds, I respectfully dissent from its conclusion that the robbery and confinement were separate criminal transgressions. Ordering Busch to sit on the floor after Sistrunk took the money was inherently part of the robbery because it effectuated his getaway. This is not to say I view all actions that effectuate a getaway as inherently part of a robbery. But here, where Sis-trunk did not order Busch to another location or otherwise restrain her and only ordered her to sit behind the counter while he left the store, does not, in my view, rise to the level of a separate crime. This was something that simply was needed to carry out the original robbery. Sistrunk has demonstrated that the confinement was not greater than what was needed to carry out the robbery. Accordingly, I would vacate the confinement conviction entirely.